WILLIAM E. MURPHY *v.* JOHN THIELEN, Sheriff, and others.

A seizure under a *fi. fa.*, " of any money," which the party in whose hands the sei-
zure was made, " has now or may hereafter have in virtue of his office of judicial
sequestrator," will not, as against other creditors of the debtor whose property was
sequestered, embrace any funds not; at the time, in the hands of the sequestrator.
*Per Curiam.* A sum of money which may or may not be received, without any
specification of amount, even by conjecture or approximation, is a thing two vague
to form the object of a seizure.

APPEAL from the District Court of the First District, *Bucha-
nan,* J.

BULLARD, J. Murphy being subrogated to the rights and ac-
tions of Parish, a judgment creditor of C. F. Hozey, took a rule
upon the Sheriff of the District Court of the *First District,* upon
F. Buisson, who had been appointed by the Commercial Court a
judicial sequestrator, and upon the Branch Bank of Alabama at
Mobile, another judgment creditor of Hozey, to show cause, why
a sum of about $571, admitted to be in the hands of Thielen, the
Sheriff, who had been made garnishee in the case, should not be
paid over to him, in discharge of his judgment against Hozey.
The District Court having discharged the rule, on the ground,
that the Branch Bank of Alabama had made a previous seizure of
the fund, Murphy appealed.

The seizure to which the court thus gave effect, appears to
have been made originally in the hands of Buisson, as judicial se-
questrator. The levy was made on the 12th of April, 1841, and
the Sheriff's return shows that he seized, in the hands of Buisson
the judicial sequestrator, all the property or effects of Hozey in
his possession or control, to an amount sufficient to satisfy the
writ, " and particularly any money, he might *now* or *hereafter*
have in virtue of his office as judicial sequestrator," &c.

We are of opinion, that this seizure did not embrace any fund
not at that time in the hands of Buisson. A sum of money which
may or may not be received, without any specification of
amount, even by conjecture or approximation, is a thing too vague
to form the object of a seizure under execution. It cannot be

identified, nor when sold, handed over to the purchaser by the Sheriff. Not only the fund in the hands of Thielen, afterwards levied on by Murphy, never was in the possession of Buisson, but it appears to have been collected afterwards by that officer, who, it is true, carried it to the credit of the judicial sequestrator on his books, but did not pay it over, it having, in the meantime, been seized in his hands by the present appellant. Now, although it may be true, as assumed by our learned brother of the District Court, that the appointment of Buisson still subsisting, authorizing him to collect all the official dues of Hozey, the late Sheriff, Thielen, would have been authorized to pay over such sums as may have been afterwards collected by him, it does not follow, we think, that a specific amount thus collected, is embraced in the vague description of the original seizure, so far as other creditors of Hozey are concerned.

We are of opinion, that the court erred in not decreeing the fund to belong to Murphy, the appellant.

The judgment of the District Court is, therefore, avoided and reversed ; and it is further ordered and decreed that the rule be made absolute, and that the defendant, Thielen, pay over to the plaintiff $334 37, the amount in his hands at the time of Murphy's seizure, and that the costs of both courts be paid by the appellees, the Branch Bank of Alabama.

*Budd* and *Rousseau*, for the appellant.

*Thielen* and *Buisson*, pro se. *Chinn*, for the other defendants.